# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCISCO M. GUMATAOTAO, an individual, and ROSE P. GUMATAOTAO, an individual,<br><br>　　　　　　　　　　　Plaintiffs,<br>　vs.<br><br>BNC MORTGAGE, INC., a Delaware Corporation; et al.,<br><br>　　　　　　　　　　　Defendants. | CASE NO. 11cv1032-LAB (BLM)<br><br>**ORDER ON ORDER TO SHOW CAUSE** |

On May 11, 2011, Defendants removed this action from state court. Two days later, the Court ordered them to show cause why it should not be remanded for failure to allege facts establishing jurisdiction. The notice of removal identifies diversity as the basis for the Court's exercise of jurisdiction in this case, but failed to allege the citizenship of NDex West, LLC. The other Defendants' citizenship was adequately alleged. Defendants responded to the order to show cause, alleging ownership of NDex West and the citizenship of its owners. The chain of ownership   With one possible exception, the allegations show NDex West is a citizenship of Delaware, Minnesota, and Texas. Because Plaintiffs are alleged to be California citizens, it appears the Court can exercise diversity jurisdiction over the removed action.

/ / /

The one possible problem is that some of NDex West's ultimate owners are alleged to be individuals residing in Texas.  Presumably, Defendants intended to argue that these individuals are Texas citizens, not merely Texas residents.  *See Snell v. Cleveland, Inc.*, 316 F.3d 822, 824 (9th Cir. 2002) (holding that allegation of residency is insufficient to show citizenship for purposes of diversity jurisdiction).

If Defendants can, consistently with Fed. R. Civ. P. 11, amend their notice of removal to make clear the Court can exercise diversity jurisdiction in this case, they may do so no later than **June 10, 2011**.  If they fail to do so within the time permitted, this action will be remanded.

**IT IS SO ORDERED**.

DATED:  June 2, 2011

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge